# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS, | CASE NO. 1:10-cv-00 585 GSA |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| PAM AHLIN, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA).   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is a civil detainee housed at Coalinga State Hospital (CSH). Plaintiff brings this civil rights action against the following defendants: The Department of Mental Health; CSH Executive Director Pam Ahlin; Dr. Peter Bresler.

Plaintiff claims that he was denied adequate medical care. Specifically, Plaintiff alleges that Defendants failed to adequately treat him for valley fever.

Plaintiff's complaint sets forth allegations regarding the conduct of Defendants in general regarding health care at CSH. Plaintiff alleges that CSH's "supports and services" are not within the generally accepted professional standards of care in certain respects, that Defendants have failed to adequately assess individuals housed at CSH to ensure that they are receiving adequate treatment, that Defendants generally are deliberately indifferent to the medical treatment of CSH inmates, and that Defendants generally discriminate against residents with disabilities in violation of the Americans With Disabilities Act and the California Disabled Person's Act.

Regarding Plaintiff in particular, Plaintiff alleges that in April of 2006, two months after he was transferred to CSH, he experienced coughing, appetite loss, and chills. Plaintiff alleges that he complained to Dr. Bresler, but "was ignored." Plaintiff was seen by Dr. Bresler in August of 2006. Plaintiff was treated for inflammation of the chest. Plaintiff's symptoms persisted, and Dr. Bresler eventually diagnosed Plaintiff with Valley Fever. Plaintiff was placed in isolation for 12 days. During that time, Plaintiff was diagnosed with pneumonia, and an x-ray revealed a mass in his right lung. Further testing indicated that Plaintiff had valley fever. Plaintiff was prescribed Flucomazone, an anti-fungal medication.

Plaintiff had an allergic reaction to Flucomazone. Plaintiff told Dr. Bresler about the allergic

1  reaction, which included burning on the hands and arms, itching, leg rashes and blisters on the
2  bottom of Plaintiff's feet.  An MRI was ordered, but not completed, because CSH "was not paying
3  its bills, so the MRI facility denied any further testing."  Plaintiff advised Dr. Bresler that it was
4  "impossible" to continue taking Flucomazone.  Dr. Bresler told Plaintiff that "there was no other
5  medications available to treat his bacterial condition."

6  Plaintiff continued to lose weight and suffered from cold sweats, lower back pain and "sciatic
7  nerves."  Plaintiff alleges that "the doctor" prescribed pain pills, but the pain worsened, and Plaintiff
8  could not get a physician to see him.  In April 2007, Plaintiff, without an appointment, went to the
9  clinic, laid down on the floor and complained of intense pain in his lower back.  Plaintiff alleges that

> The staff tried to get him to quit complaining and making agonizing cries.  He told them that he was in pain and needed help.  The staff ignored him for a while.  Finally, Dr. Jonathan Hamrick came out and asked him what the problem was.  He told the doctor that he was in pain and could not sit up and had to lie down, and it is why he laid on the floor.  Dr. Hamrick took Plaintiff to the x-ray room.  The x-ray did not show anything.  Dr. Hamrick then ordered and MRI.  It took about two months before the MRI was able to be performed

16  The MRI indicated a large black mass in the lumbar region.  It was diagnosed as an inflammation
17  of the spine caused by Valley Fever, and "was eating his spine and vertebra from the inside,
18  destroying it."  Plaintiff was advised by a doctor that he needed immediate surgery, or he would be
19  paralyzed.  Plaintiff was admitted to the hospital the same day and underwent surgery.  The surgeon
20  "removed a disc and part of the spine, cut sciatic nerves, repaired vertebras and installed a steel
21  plate."  Plaintiff was then placed in a body cast.

    A.  **Valley Fever**

23  "[T]o the extent that Plaintiff is attempting to pursue a claim for the mere fact that he was
24  confined in a location where Valley Fever spores existed which caused him to contract Valley Fever,
25  he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk
26  to inmate health."  King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see
27  also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009).  Defendants cannot,
28  therefore, be held liable for subjecting Plaintiff to dangerous conditions.

3

**B.     Medical Care**

A civilly committed person's claim that his medical care violated constitutional standards is governed by the "professional judgment" standard set forth in Youngberg v. Romeo, 457 U.S. 307 (1982). "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323. Under this "professional judgment" standard, mere negligence or medical malpractice does not violate the Constitution. See Patten v. Nichols, 274 F.3d 829, 852-43 (4th Cir. 2001)(applying Youngberg "professional judgment" standard to a denial of medical care claim by a civilly committed psychiatric patient and holding that more than negligence is required).

Here, Plaintiff has alleged facts that indicate, at most, negligence. Plaintiff alleges facts indicating that Dr. Bresler treated Plaintiff as late as August of 2006. Dr. Bresler prescribed a medication, Flucomazone. Plaintiff indicated an allergic reaction to the medication, and advised Dr. Bresler. Plaintiff does not allege that there was a treatment available that Dr. Bresler refused him. Dr. Bresler indicated that Flucomazone was the only treatment available.

Although Plaintiff alleges that he continued to suffer, and that he could not get a physician to see him, he does not allege any facts indicating that Dr. Bresler was responsible for this, or caused Plaintiff not to be seen. Further, Plaintiff does not allege facts indicating that Dr. Bresler knew of the symptoms suffered by Plaintiff in June of 2007. Simply put, Plaintiff has not alleged facts that link the conduct of Dr. Bresler to his injuries. Plaintiff must allege some facts indicating that Dr. Bresler was aware of a serious condition, and failed to respond to it. The complaint, taken as true, alleges that Dr. Bresler treated Plaintiff with what he believed to be the only indicated medication.

**C.     ADA**

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."

42 U.S.C. § 12132; see also Lowell, 303 F.3d at 1052 (to establish violation of Title II of ADA, Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability), cert. denied, 537 U.S. 1105 (2003). Although the term "public entity" includes state prisons, it does not include individuals such as the defendants in this action. See Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 210 (1998) (state prisons fall squarely within statutory definition of "public entity"); Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA), cert. denied, 537 U.S. 1104, (2003); Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000) (no personal liability under Title II of ADA), cert. denied, 531 U.S. 1190 (2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc) (a plaintiff cannot sue government actors in individual capacities for the alleged violations of the ADA). Accordingly, Plaintiff's claim is not cognizable against defendants in their individual capacities.

Further, the treatment or lack of medical treatment for Plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Aside from Defendants' medical treatment decisions of which Plaintiff complains and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights under Title II of the ADA.

**D.      Supervisory Liability**

Plaintiff names as a defendant Pam Ahlin, Director at CSH. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no

respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts suggesting personal participation by Defendant Ahlin. She should therefore be dismissed.

### E. Department of Mental Health

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The California Department of Mental Health, as an agency of hte State of California, is immune from suit.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this

6

order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 26, 2012**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE