UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>        Plaintiff,<br><br>   vs.<br><br>PAM AHLIN, et al.,<br><br>        Defendants. | 1:10-cv-00585-GSA-PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT TO IDENTIFY DOE DEFENDANTS<br>(ECF No. 31.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

I.      **BACKGROUND**

Dougal Samuels ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this action on April 5, 2010.  (ECF No. 1.)  On April 14, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 7.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

This case now proceeds with the First Amended Complaint, filed on November 2, 2012, against defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors, Edmund Gerald "Jerry" Brown, Jr.,[1] and Doe Defendants 1-10, on Plaintiff's claim for violation of his right to safe conditions under the Due Process Clause.  (ECF No. 15.)

On October 1, 2014, the court issued an order finding service of the First Amended Complaint appropriate, and forwarding service documents to Plaintiff for completion and return within thirty days.  (ECF No. 24.)  Plaintiff was directed to return the completed service documents with five (5) copies of the First Amended Complaint.  (Id. ¶3.)  On October 27, 2014, Plaintiff notified the court that he had amended the complaint to remove any mention of John Does, Equal Protection, and the American with Disabilities Act, asserting that the court had no reason not to allow service of the proposed Second Amended Complaint to go forward. (ECF No. 25.)  On October 27, 2014, Plaintiff submitted the completed service documents to the court with five (5) copies of the proposed Second Amended Complaint.  (ECF No. 26.)

On May 21, 2015, the court issued an order denying Plaintiff leave to amend the complaint and requiring Plaintiff to complete and submit documents to the court for service of process, including five (5) copies of the November 21, 2015 First Amended Complaint, within thirty days.  (ECF No. 29.)  On June 25, 2015, Plaintiff submitted service documents, together with a motion to identify Doe Defendants 1-10.  (ECF Nos. 30, 31.)

## II.    PLAINTIFF'S SERVICE DOCUMENTS

The court's May 21, 2015 order directed Plaintiff to submit five (5) copies of the November 2, 2012 First Amended Complaint to the court.  Instead, Plaintiff submitted one (1) copy of the November 2, 2012 First Amended Complaint, and four (4) copies of a new and different Amended Complaint.  Plaintiff has not complied with the court's order, and the copies submitted by Plaintiff are not appropriate for service.  Moreover, Plaintiff now seeks leave to identify the Doe Defendants in this case, which will require amendment of the complaint. Therefore, service shall not proceed at this time.  Should this case proceed to service at a later

---

[1] Current Governor of California.  See Fed. R. Civ. P. 25(d).

stage of the proceedings, the court shall issue an order directing Plaintiff to submit new service documents.[2]

### III.    AMENDING THE COMPLAINT – RULE 15

Plaintiff seeks leave to identify the Doe Defendants in this case.  To do so, Plaintiff must file a Second Amended Complaint naming *all* of the defendants in this action.  Plaintiff is not permitted to amend the complaint without leave of court.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  In this case, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

Plaintiff seeks leave to identify the Doe Defendants in this case, which shall require amendment of the complaint.  The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for this purpose.  Therefore, Plaintiff shall be granted leave to file a Second Amended Complaint for this limited purpose.

///

---

[2] The service documents submitted by Plaintiff on June 25, 2015, shall not be retained by the court.

3

## IV.    CONCLUSION AND ORDER

Plaintiff is granted leave to file a Second Amended Complaint within thirty days to identify Doe Defendants and bring his allegations and claims against them.  The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at  934.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at  677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights.  Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to identify the Doe Defendants in this case, filed on June 25, 2015, is GRANTED;

2.    Plaintiff is GRANTED leave to file a Second Amended Complaint **within thirty (30) days** of the date of service of this order for limited purpose, as instructed by this order;

3.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.      Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-00585-LJO-GSA-PC; and

5.      Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **October 8, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE