1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                         EASTERN DISTRICT OF CALIFORNIA

11

12    DOUGAL SAMUELS,                        1:10-cv-00585-EPG (PC)

13                Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                             FOR APPOINTMENT OF PRO BONO
14          v.                               COUNSEL
                                             (ECF NO. 51)
15    PAM AHLIN, et al.,

16                Defendants.

17

18

19          Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis*

20    in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On January 17, 2017, Plaintiff filed

21    a request for appointment of pro bono counsel.  (ECF No. 51).

22          According to Plaintiff, he needs counsel appointed because this case is complex, because

23    this case will require considerable discovery, because there will be conflicting testimony, and

24    because he is unable to investigate the facts of this case due to his detention.

25          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

26    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

27    (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

28    U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

                                                1

490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  While at the screening stage Plaintiff's complaint was found to state a claim (ECF Nos. 22, 24, & 41), there is currently a pending motion to dismiss (ECF No. 45).  Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to court orders.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 19, 2017**            /s/ *Erica P. Groj*
                                          UNITED STATES MAGISTRATE JUDGE