# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>    Plaintiff,<br><br>v.<br><br>PAM AHLIN, et al.,<br><br>    Defendants. | 1:10-cv-00585-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO NOTIFY THE COURT IF IT WISHES TO SUBSTITUTE DEFENDANT(S) FOR THE FRESNO COUNTY BOARD OF SUPERVISORS<br><br>(ECF. NO. 53)<br><br>TWENTY-ONE DAY DEADLINE |

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Following the Ninth Circuit's order holding in part that "Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity," (ECF No, 22), this case now proceeds on Plaintiff's Third Amended Complaint, filed on July 15, 2016. (ECF No. 40). Plaintiff's Third Amended Complaint names the "Fresno County Board of Supervisors" as a defendant, among others.

On January 20, 2017, Fresno County filed a motion to quash service of process or to dismiss Plaintiff's action in the alternative ("Motion to Quash"). (ECF No. 53). Fresno County argues that the "Fresno County Board of Supervisors" is not an appropriate defendant in this case because it is neither an individual nor a city or county. (Id. at 2). Additionally, Fresno County moves to quash service because Fresno County itself is not currently a defendant in this case and so should not have been served with the complaint. (Id.).

On April 20, 2017, the Court held a hearing on the Motion to Quash.[1] During the hearing, counsel for the County of Fresno argued that the Fresno County Board of Supervisors was merely a subunit of the County of Fresno and thus was not a proper defendant. Counsel

---

[1] Scott Hawkins personally appeared on behalf of Fresno County. Plaintiff telephonically appeared on his own behalf.

1

for the County of Fresno said that the County of Fresno was the type of city that could be sued under 1983.  Moreover, counsel for the County of Fresno argued that any lawsuit against individual members of the Board of Supervisors, even if those individuals were identified and added to the lawsuit, would ultimately be a lawsuit against the County of Fresno itself because the individuals could only be sued in their official capacity.

During the hearing, the Court asked Plaintiff if he wished to substitute the County of Fresno (or any other defendants) for the Board of Supervisors.  However, the phone connection was not good and it was difficult to understand Plaintiff.

Accordingly, the Court orders Plaintiff to notify the Court if it wishes to substitute in the County of Fresno, or any other defendants, for the "Fresno County Board of Supervisors." Fresno County may respond seven days following Plaintiff's notification.  The Court will issue findings and recommendations on the County of Fresno's pending motion to quash (ECF No. 53) after receiving this additional information.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Within thirty (21) days from the date of service of this order, Plaintiff shall either:
    a. File a motion to substitute the County of Fresno, or any other defendants, for the currently named Fresno County Board of Supervisors; or
    b. File a notice that Plaintiff wants the Court to issue findings and recommendations to the assigned district judge on the record as it stands.
2. If Plaintiff opts to file a motion to substitute defendants, within seven (7) after the motion is filed in CM/ECF, Fresno County may file a response to the motion.

IT IS SO ORDERED.

Dated: **April 26, 2017**         /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

2