UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants. | 1:10-cv-00585-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CLAIM AGAINST DEFENDANT FRESNO COUNTY BOARD OF SUPERVISORS BE DISMISSED AND THAT THE COUNTY OF FRESNO'S MOTION TO QUASH SERVICE OF PROCESS BE GRANTED<br><br>(ECF NO. 53)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.    BACKGROUND**

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's case was initially dismissed at the screening stage for failure to state a claim. (ECF Nos. 12 & 16).[1] The Ninth Circuit Court of Appeals reversed in part and remanded, stating "dismissal of Samuel's safe conditions claim was premature" and "Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (ECF No. 22, p. 3). Plaintiff filed a Third Amended Complaint on July 15, 2016. (ECF No. 40). Plaintiff's amended complaint named a number of defendants including "Fresno Board of Supervisors,"

---

[1] Magistrate Judge Gary S. Austin was the Magistrate Judge assigned to this case until October 13, 2015. (ECF No. 33).

1

among others, but did not name any individual persons who were members of that board. Nor did it name the County of Fresno. After screening, the Court allowed Plaintiff's amended complaint to proceed "against defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors, Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky for violation of Plaintiff's right to safe conditions under the Due Process Clause." (ECF No. 41, at p. 11).

On January 20, 2017, the County of Fresno filed a motion to quash service of process or to dismiss Plaintiff's action in the alternative, asserting that (1) the Fresno County Board of Supervisors ("FCBS") is a sub-unit of the County of Fresno ("County") and therefore not a "person" within the meaning of § 1983, and (2) erroneous service of process was made on the County because it is not a named defendant. (ECF No. 53). The Court held a hearing on the motion, and subsequently issued an order for Plaintiff to notify the Court if he wished to substitute the County of Fresno or any other defendants for FCBS. (ECF No. 70). Plaintiff filed a notice of non-substitution of defendants on May 22, 2017. (ECF No. 71).

The Court now considers the Motion to Quash service of Process, and Motion to Dismiss for Lack of Jurisdiction, by Fresno County Board of Supervisors. (ECF No. 53). The Court finds that because FCBS is a governmental sub-unit of the County, it is not a "person" subject to suit within the meaning of § 1983 and should be dismissed. The Court also finds that waiver of service was improperly directed to the County of Fresno because the County is not a named defendant. Accordingly, the Court will recommend (1) that Plaintiff's claim against FCBS be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (2) that the County of Fresno's motion to quash service of process be granted.

**II.    PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on April 5, 2010. (ECF No. 1). After screening Plaintiff's initial complaint, the Court dismissed the complaint with leave to amend on July 26, 2012. (ECF No. 12). Plaintiff filed his First Amended Complaint on November 2, 2012 (ECF No. 15), which the Court screened and dismissed for failure to state a claim on May 3, 2013. (ECF No. 16).

Plaintiff appealed. (ECF No. 18). On August 21, 2014, the Ninth Circuit issued an order allowing the case to proceed on Plaintiff's safe conditions claim, stating that Plaintiff is "not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (ECF No. 22, p. 3). Accordingly, the Court ordered that the case proceed on Plaintiff's safe conditions claim. (ECF No. 24). On December 2, 2015, Plaintiff filed a Second Amended Complaint (ECF No. 36), but failed to include all previously-named defendants. The Court sought clarification regarding the defendants (ECF No. 37), and granted Plaintiff leave to file a Third Amended Complaint (ECF No. 39) after Plaintiff asserted that he intended to include all previously-named defendants (ECF No. 38). That list of defendants did not include any individual members of the Fresno County Board of Supervisors, nor did it include the County of Fresno. (ECF No. 39).

The Court screened Plaintiff's Third Amended Complaint and found that Plaintiff "state[d] cognizable claims for violation of his safe conditions under the Due Process Clause against Defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors, Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky." (ECF No. 41, p. 11). The Court ordered service upon the named defendants. (ECF No. 43). In response, the County filed a motion to quash service of process or to dismiss Plaintiff's action in the alternative. (ECF No. 53). The County argued that FCBS is not a "person" within the meaning of § 1983 because it is a sub-unit of the County, and that waiver of service was improperly directed to the County. (Id. at 2).

On April 20, 2017, the Court held a hearing on the County's motion.[2] During the hearing, the Court asked Plaintiff if he wished to substitute the County or any other defendants for FCBS. However, it was difficult to understand Plaintiff due to a poor phone connection. The Court subsequently issued an order for Plaintiff to notify the Court if he wished to substitute the County or any other defendants for FCBS. (ECF No. 70). On May 22, 2017, Plaintiff filed a notice of non-substitution of defendants. (ECF No. 71).

---

[2] Scott Hawkins personally appeared on behalf of Fresno County. Plaintiff telephonically appeared on his own behalf.

The case now proceeds on Plaintiff's Third Amended Complaint.

### III. PLAINTIFF'S 28 U.S.C. § 1983 CLAIM AGAINST FCBS

**A.  Legal Standards**

**i.  42 U.S.C. § 1983**

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990); 42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Local government units, such as cities and municipalities, are considered "persons" within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 690 (1978). However, municipal sub-units are not considered "persons" within the meaning of § 1983. Sanders v. Aranas, No. 1:06-cv-1574-AWI-SMS, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29, 2008) (citing United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring); see also Gomez v. Fresno Police Dept., No. 1:16-cv-00526-LJO-SKO, 2016 WL 2939416, slip op. at *4 (E.D. Cal. May 20, 2016) ("[M]unicipal departments and sub-units, including police departments, are generally not considered 'persons' within the meaning of Section 1983."); Ledesma v. Kern Cty., No. 1:14-cv-01634-DAD-JLT, 2016 WL 6666900, slip op. at *18 (E.D. Cal. Nov. 10, 2016) ("[S]ub-departments or bureaus of municipalities… are not generally considered 'persons' within the meaning of § 1983.").

\\\

      ii.      **28 U.S.C. § 1915(e)(2)**

28 U.S.C. § 1915(e)(2) provides that courts shall dismiss a case at any time if it determines that, inter alia, it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

    **B.**    **Analysis**

To state a claim under § 1983, a plaintiff must allege that the "violation was committed by a **person** acting under the color of state law." West, 487 U.S. at 48 (emphasis added). Plaintiff contends that FCBS is a "person" because local governments are "persons" under § 1983 (ECF No. 71, p. 2), and that suit was brought against FCBS by name in its official capacity (ECF No. 62, p. 3).

Local governments are considered "persons" subject to suit within the meaning of §

1983. Monell, 436 U.S. at 690. Municipal sub-units are not considered "persons" within the meaning of § 1983. Sanders, 2008 WL 268972, at *2-3. As Defendant points out, FCBS is a sub-unit of the County (ECF No. 53, p. 4) and therefore not a "person" subject to suit under § 1983. Ronje v. Kramer, No. 1:15-cv-01753 LJO-BAM (PC), 2016 WL 7116721, at *6 (E.D. Cal. Dec. 6, 2016) (finding that Fresno County Board of Supervisors is not a "person" within the meaning of § 1983).

Plaintiff also asserts that FCBS is a proper defendant based on the Ninth Circuit's order holding that "Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (ECF No. 22, p. 3); (ECF No. 62, p. 6). Plaintiff interprets the Ninth Circuit's holding to mean that FCBS is a proper defendant. (ECF No. 62, p. 4-5).  Plaintiff argues that "Defendants were sued as the FCBS by name in their ***Official-capacity*** [sic], which is an identification of each as a part of a whole department…. Plaintiff claims that he rejects the argument that state officials, even though sued in their 'official-capacity', [sic] are persons under section 1983." (ECF No. 62, p. 3).

Plaintiff misunderstands the Ninth Circuit's holding and applicable law. Suits against members in their official capacity are treated as suits against the office. See Hafer, 502 U.S. at 25. Under § 1983, suit could be brought against FCBS's individual members in their official capacity, i.e., specific persons who acted as members of the Board, or against the County. However, Plaintiff has not brought suit against any FCBS individual members in their official capacity or the County.  Instead, Plaintiff has brought suit against FCBS (ECF Nos. 40, 71), which is not a "person" under § 1983, and has indicated he does not want to substitute either individual members or the County of Fresno as defendants.

Because Plaintiff cannot bring a valid claim under § 1983 against FCBS for the reasons discussed above, the Court recommends dismissing Plaintiff's claim against FCBS pursuant to § 1915(e)(2)(B)(ii). The Court also recommends denying the County of Fresno's motion to dismiss Plaintiff's action in the alternative as moot.[3]

---

[3] The County moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process). (ECF No.

### IV. COUNTY OF FRESNO'S MOTION TO QUASH SERVICE OF PROCESS

#### A. Legal Standard

"Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons." Cranford v. U.S., 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), rev'd on other grounds, 487 U.S. 412 (1988)). "[A] motion to dismiss or quash service pursuant to Federal Rules of Civil Procedure 12(b)(5) challenges the sufficiency of the manner of attempted service." Perrotte v. Johnson, No. 1:15-cv-00026-LJO-SAB (PC), 2016 WL 4440972, slip op. at *4 (E.D. Cal. Aug. 19, 2016).

Rule 4 of the Federal Rules of Civil Procedure governs service. Fed. R. Civ. P. 4. Under Rule 4(d), notice and request for a waiver of service must, inter alia, be addressed to the individual defendant. Fed. R. Civ. P. 4(d)(1)(A)(i). "Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." Cranford, 359 F.Supp.2d at 984 (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985).

#### B. Analysis

The Court ordered service on FCBS on September 29, 2016. (ECF No. 43). Plaintiff wrongly directed waiver of service to the County itself, which is not a named defendant. First, as discussed above, FCBS is not a proper defendant in a § 1983 claim. Second, waiver of service was directed to the County, which is not a defendant to this action. (ECF No. 53, p. 7). The attempted service was therefore improper.

As described above, the Court previously provided Plaintiff with an opportunity to substitute the County or any other defendants in place of FCBS. (ECF No. 70). Plaintiff declined to substitute any defendants. (ECF No. 71).

---

53). It did not specifically move to dismiss for failure to state a claim under Rule 12(b)(6). 28 U.S.C. § 1915(e)(2)(B)(ii) provides that courts shall, *sua sponte*, dismiss a case brought by plaintiffs proceeding *in forma pauperis* at any time if it determines that the complaint fails to state a claim on which relief may be granted: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that… the action or appeal… fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (1996). Accordingly, the Court recommends dismissal under § 1915(e)(2)(B)(ii), for failure to state a claim because it the County's intention in its motion to dismiss and is within the Court's *sua sponte* power.

7

Accordingly, the Court recommends that the County's motion to quash service of process be granted.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Third Amended Complaint fails to state a claim against defendant FCBS, and that waiver of service was improperly directed to the County.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

(1) Plaintiff's § 1983 claim against the Fresno County Board of Supervisors be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(2) The County of Fresno's motion to quash service of process be GRANTED; and

(3) The County of Fresno's request to dismiss Plaintiff's action in the alternative be DENIED as moot.

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE