# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00585-DAD-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF AND DEFENDANT TO SUBMIT ADDITIONAL INFORMATION REGARDING PLAINTIFF'S MOTION TO SUBMIT THE ACTUAL NAMES OF THE FRESNO COUNTY BOARD OF SUPERVISORS<br><br>(ECF NO. 79)<br><br>TWENTY-ONE DAY DEADLINE |

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 24, 2017, the Court issued findings and recommendations, recommending that Plaintiff's section 1983 claim against Fresno County Board of Supervisors be dismissed, and that the County of Fresno's motion to quash service of process be granted. (ECF No. 74).

On August 7, 2017, Plaintiff filed objections to the findings and recommendations, and a request "for an extension of time in order to make proper service of defendants Fresno County Board of Supervisor." (ECF No. 75). Plaintiff asked for thirty days so that he could identify the individual members of the Fresno County Board of Supervisors and substitute them in place of the Fresno County Board of Supervisors.

The Court granted Plaintiff thirty days to file additional objections to the findings and recommendations. (ECF No. 76). The Court allowed Plaintiff to identify the defendants he wants to substitute into the case and request that he be allowed to substitute them into the case in his additional objections to the findings and recommendations.

1

On August 28, 2017, Plaintiff filed a "motion to submit the actual names of the Fresno County Board of Supervisors" ("the Motion"). (ECF No. 79). This request appears to be responsive to the order from the United States Court of Appeals for the Ninth Circuit, which found a claim against the Fresno County Board of Supervisors, and which stated that "Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (ECF No. 22, p. 3). The Motion names five members of the Board of Supervisors he would like to substitute into the case.

The County of Fresno did not respond to Plaintiff's motion. Moreover, it is unclear if Plaintiff is alleging that these five individuals are responsible for the relevant actions alleged in the complaint.[1] The Court seeks additional information to determine if these individuals are the proper defendants in the hope of moving the case forward in the most efficient manner.

Therefore, the Court will give Plaintiff twenty-one days to clarify whether the defendants he is attempting to add are current members of the Board of Supervisors, or if they were members of the Board of Supervisors at the time of the relevant incidents alleged in the complaint (or both).

The Court will also require a response from the County of Fresno to determine if these individuals are the correct defendants in this case, or the names of the proper defendants. Within twenty-one days, the County of Fresno shall also file a response stating whether it objects to addition of the defendants named by Plaintiff. If the County does so object on the basis that they are not the members at the time, the County of Fresno shall provide the names of the members of the Board of Supervisors at the time of the relevant incidents alleged in the complaint.[2]

Accordingly, based on the foregoing, IT IS ORDERED that:

---

[1] It appears that they are the current members of the Board of Supervisors.

[2] The Court recognizes that the County of Fresno has moved to quash the service of summons on the basis that it was not named in the complaint and that the Board was also not properly named. The County of Fresno thus may have an objection to the extent it is not a proper party to the suit. Note that if the County of Fresno stands on such an objection, the Court reserves its right to open discovery including third party subpoenas to gather the necessary information. The Court's intention is to efficiently identify the defendants permitted by the Ninth Circuit's order and proceed with the case as efficiently as possible.

1. Plaintiff has twenty-one days from the date of service of this order to clarify whether the defendants he is attempting to add are current members of the Board of Supervisors, or if they were members of the Board of Supervisors at the time of the incidents alleged in the complaint (or both). Failure to comply with this order may result in the Motion being denied; and

2. The County of Fresno has twenty-one days from the date of service of this order to file a response stating whether it objects to naming the members of the Board of Supervisors that Plaintiff is attempting to substitute. If the County of Fresno objects on the basis that they were not the members of the Board at the relevant time, the County of Fresno shall provide the names of the members of the Board of Supervisors at the time of the relevant incidents alleged in the complaint or set forth its objection to providing such names.

IT IS SO ORDERED.

Dated: **September 26, 2017**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE