UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>      Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>      Defendants. | Case No. 1:10-cv-00585-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 40 & 41)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 14, 2010, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 7).

The Court[1] screened Plaintiff's complaint and issued an order on July 26, 2012, dismissing the complaint for failure to state a claim, with leave to amend. (ECF No. 12). On November 2, 2012, Plaintiff filed the First Amended Complaint. (ECF No. 15). The Court screened the First Amended Complaint and issued an order on May 3, 2013, dismissing this action with prejudice for failure to state a claim. (ECF No. 16). The case was closed and judgment was entered. (ECF Nos. 16 & 17).

On May 20, 2013, Plaintiff filed an appeal to the United States Court of Appeals for the Ninth Circuit. (ECF No. 18). On August 21, 2014, the Ninth Circuit issued an order, affirming in part and reversing in part, and remanding the case to the district court for further proceedings. (ECF No. 22). On September 26, 2014, the Ninth Circuit issued the mandate.

---

[1] Magistrate Judge Gary S. Austin was the assigned magistrate judge until October 13, 2015. (ECF No. 33).

(ECF No. 23).[2]

On October 9, 2015, the Court granted Plaintiff leave to file a Second Amended Complaint, for the limited purpose of identifying the Doe Defendants. (ECF No. 32). On December 2, 2015, Plaintiff filed a Second Amended Complaint. (ECF No. 36). On June 14, 2016, Plaintiff was granted leave to file a Third Amended Complaint that included "all of the defendants he wishes to proceed against in this action, and the claims against them…." (ECF No. 39, p. 3). On July 15, 2016, Plaintiff filed the Third Amended Complaint. (ECF No. 40).

The Court screened the Third Amended Complaint, and found that Plaintiff stated cognizable claims against defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors,[3] Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky for violation of Plaintiff's right to safe conditions under the Due Process Clause. (ECF No. 41). The Court also dismissed all other claims and defendants. (Id.).

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss claims and defendants consistent with the order by the magistrate judge at the screening stage.

## I.   WILLIAMS v. KING

On November 9, 2017, the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the

---

[2] The Ninth Circuit found that the district court properly dismissed Plaintiff's ADA claims, equal protection claim, and medical care claim. (ECF No. 22.) However, the Ninth Circuit found that the dismissal of Plaintiff's safe conditions claim was premature, and that Plaintiff's allegations were sufficient to warrant ordering Defendants to file an answer. (Id.) The Ninth Circuit also found that Plaintiff is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity. (Id.)

[3] Brian Pacheco (representative of District 1), Sal Quintero (representative of District 3), Andreas Borgeas (representative of District 2), Nathan Maqsiq (representative of district 5), and Buddy Mendes (representative of District 4) were later substituted into the case in place of defendant Fresno County Board of Supervisors. (ECF No. 84).

complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear."  Id. at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction.  Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II.    SCREENING REQUIREMENT

When a plaintiff seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).  In particular, 28 U.S.C. § 1915(e)(2) provides that a court shall dismiss a case at any time if it determines that, *inter alia*, the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## III.    SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff is an African-American male, currently civilly detained at Coalinga State Hospital (CSH) in Coalinga, California, where the events at issue in the Third Amended Complaint allegedly occurred. Plaintiff names as defendants Pam Ahlin (ex-Executive Director of CSH), Stephen Mayberg (ex-Director of the California Department of States Hospitals), Fresno County Board of Supervisors, Arnold Schwartzenegger (ex-Governor of California), Audrey King (Executive Director of CSH), Brandon Price (interim Director of CSH), Robert Withrow (Medical Director of CSH), Karin Hundal (Nursing Administrator), Ron Howard (Plant Operations Manager), Dr. Peter Bresler (Medical Doctor at CSH), California Department of Corrections and Rehabilitation ("CDCR"), Cynthia A. Radavsky (Deputy Director of Long Term Care Services at CSH), Orange County Public Defenders' Office, and Office of Patients' Rights (collectively "Defendants").

Plaintiff alleges that all of the defendants were aware of dangerous conditions at CSH but took no protective measures for his health and safety to prevent Plaintiff's infection by the disease known as Valley Fever. Plaintiff alleges that on February 16, 2006, he was transferred to CSH. There were rumors and scientific information that the area surrounding CSH was extremely lethal because Valley Fever spores were known to be in the soil. Plaintiff and other detainees were assured by employees that the environment was not life threatening, and because the hospital was a hermetically sealed environment, the chance of contracting an infection was a million to one.

Before Plaintiff was transferred, he asked his attorneys from the Orange County Public Defenders' Office about the risk of infection. They shrugged off the notion as a minor issue about which little was known. When Plaintiff became infected a year or so later, the attorneys did not take any responsibility and also failed to present evidence of his medical condition at

his jury trial to make a difference in his confinement.

Plaintiff met with defendant Dr. Peter Bresler at CSH when Plaintiff experienced painful symptoms. Dr. Bresler diagnosed him with a severe case of the flu and failed to prescribe any effective medication, allowing Valley Fever disease to spread to Plaintiff's spinal cord, requiring surgery.

Defendant Brandon Price, Hospital Administrator when Plaintiff contracted the disease, knew or should have known that the area where CSH was built had been declared hazardous and life-threatening because of Valley Fever. Defendant Price intentionally concealed the medical and scientific facts, in spite of the number of patients infected at CSH and Pleasant Valley State Prison (PVSP) next door.

Defendant Karin Hundal, Nursing Administrator at CSH, knew of the risk that Valley Fever posed to patients of color, but deliberately hid all information about the disease.

Defendant Robert Withrow, Medical Director, breached his duty to inform patients and employees of the danger of the disease, in violation of the Health and Safety Code. Plaintiff asserts that if Plaintiff had known about the dangers, he might have avoided the infection.

Defendant Ron Howard, Plant Operations Manager, knows or knew about the lethal nature of the Valley Fever disease, but he insisted that the ventilation system does not need an upgrade to prevent entry of the windblown spores into the housing area. Plaintiff assumes he contracted the disease through the ventilation system, which is defective and unable to provide sufficient clean air circulation.

Defendant Cynthia A. Radavsky, Deputy Director of Long Term Care Services at CSH, was responsible for making decisions about complaints by patients at CSH. Defendant Radavsky brushed off the dangers of Valley Fever at CSH, in spite of scientific evidence.

Defendant Office of Patients' Rights is a group of state workers who are the final level of review of a patient's complaint to the Executive Director at CSH. The employees there were deliberately indifferent to Plaintiff's rights under the Due Process Clause. They knew or should have known about the danger of Valley Fever at CSH, but they intentionally disregarded the risk to Plaintiff.

Defendant Audrey King, Executive Director at CSH, was the Hospital Administrator when Plaintiff became infected. She had the opportunity to inform patients and employees about methods to avoid infection, but she concealed scientific and medical information and failed to implement safety measures.

Defendant Pam Ahlin was Executive Director of CSH at the relevant time. She was in charge of the facility when Plaintiff was infected with Valley Fever. Plaintiff holds her personally and officially liable for negligent and reckless actions that caused his medical injury.

Defendant Stephen Mayberg was Director of the California Department of States Hospitals at the relevant time. He was in charge of the five mental health institutions located in California. During the time CSH was being constructed, he was aware of the life-threatening danger of building next to PVSP but allowed individuals to be housed at CSH after its opening.

Defendant Fresno County Board of Supervisors was told of the future dangers of Valley Fever before the ground was broken to build CSH, but did not relent to stop construction of the hospital.

Arnold Schwarzenegger, the Governor of the State of California during the relevant time, was aware of the dangers of building next to PVSP but gave his written approval to go ahead with the construction.

Plaintiff seeks monetary damages and declaratory relief.

IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman

v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.      Eleventh Amendment Immunity – CDCR and Office of Patients' Rights

Plaintiff names the CDCR and the Office of Patients' Rights as defendants.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397

F.3d 775, 777 (9th Cir. 2005); <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1040 (9th Cir. 2003); <u>see also</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

Because the CDCR and the Office of Patients' Rights are state agencies, they are entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendants CDCR and the Office of Patients' Rights.

**B.    Medical Claim – Defendant Dr. Bresler**

A civilly committed person's claim that his medical care violated constitutional standards is governed by the "professional judgment" standard set forth in <u>Youngberg v. Romeo</u>, 457 U.S. 307 (1982). "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." <u>Id.</u> at 323. Under this "professional judgment" standard, mere negligence or medical malpractice does not violate the Constitution. <u>See</u> <u>Patten v. Nichols</u>, 274 F.3d 829, 852-43 (4th Cir. 2001) (applying <u>Youngberg</u> "professional judgment" standard to a denial of medical care claim by a civilly committed psychiatric patient and holding that more than negligence is required).

Plaintiff's factual allegations show, at most, negligence in Plaintiff's medical treatment. The only named defendant personally involved in Plaintiff's medical treatment was Dr. Bresler. Plaintiff alleges that Dr. Bresler misdiagnosed his Valley Fever disease and then administered medications ineffective against Valley Fever. These allegations fail to demonstrate that Dr. Bresler was not using his professional judgment in treating Plaintiff's illness. A misdiagnosis indicates at most medical malpractice, which is not sufficient to state a claim under § 1983. None of the other named defendants were personally involved in Plaintiff's medical treatment. Therefore, Plaintiff fails to state a medical claim under § 1983.

///

### C.    Violation of Right to Safe Conditions – Due Process Clause

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.   The Supreme Court "has noted that the right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause."  Youngberg v. Romeo, 457 U.S. 307, 315 (1982), quoting Ingraham v. Wright, 430 U.S. 651, 673 (1977).  "And that right is not extinguished by lawful confinement, even for penal purposes."  Youngberg, 457 U.S. at 315, citing see Hutto v. Finney, 437 U.S. 678 (1978).  "If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions."  Youngberg, 457 U.S. at 315-16.  "In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance 'the liberty of the individual' and 'the demands of an organized society.'"  Id. at 320.

### 1.    Orange County Public Defenders' Office

Plaintiff alleges that the Orange County Public Defenders' Office is liable in this case because Plaintiff's attorneys from that office, when questioned about the risk of Valley Fever before Plaintiff was transferred to CSH, shrugged off the notion of infections as if it were a minor issue Plaintiff need not be concerned about.  Plaintiff also alleges that after he was infected with Valley Fever, his attorneys failed to take responsibility.

Plaintiff fails to allege facts showing that any of his attorneys knew of a serious risk to his health or safety and yet personally and knowingly acted to violate Plaintiff's rights to safe conditions.   Therefore, Plaintiff fails to state a claim against the Orange County Public Defenders' Office, or any of the individual attorneys working there, for violating his rights to safe conditions pursuant to the Due Process Clause under § 1983.

Plaintiff also alleges that his Sixth Amendment rights were violated.  Plaintiff alleges that the attorney representing him at his civil commitment trial failed to present any sound evidence of his medical condition to the jury to make a difference in the outcome of his

confinement. Here, Plaintiff cannot state a claim for violation of his Sixth Amendment right to the effective assistance of counsel, because the Sixth Amendment is not applicable to a civil commitment proceeding. The protections provided by the Sixth Amendment are explicitly confined to "criminal prosecutions." United States v. $292,888.04 in U.S Currency, 54 F.3d 564, 569 (9th Cir. 1995), quoting Austin v. United States, 509 U.S. 602, 607 (1993) (internal quotation marks omitted). Therefore, Plaintiff fails to state a claim for violation of the Sixth Amendment.

**2.** **Defendants Ahlin, Mayberg, Fresno County Board of Supervisors, Schwarzenegger, King, Price, Withrow, Hundal, Howard, and Radavsky**

Plaintiff alleges that defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors, Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky knew or should have known about the risks to patients contracting Valley Fever at CSH, but failed to stop construction of CSH or implement measures to lessen the risk of infection by Valley Fever at CSH.

The Ninth Circuit found that Plaintiff's allegations in the Original Complaint, that his rights to safe conditions were violated, "liberally construed, are 'sufficient to warrant ordering [defendants] to file an answer.'" (ECF No. 22 at 3, quoting Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012), citing see also Youngberg v. Romeo, 457 U.S. 307, 315 (1982) (a civil detainee's right to safe conditions is protected by the Due Process Clause), and citing Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029-30 (9th Cir. 2011) (setting forth objective test, which does not require subjective awareness of risk; thus, "in the face of known threats to patient safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring" (citation and internal quotation marks omitted)). The Ninth Circuit also advised this Court that "Samuels is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (ECF No. 22 at 3, citing See Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("The [E]leventh [A]mendment does not bar actions against cities and counties."). Plaintiff brings

largely the same allegations concerning safe conditions in the Third Amended Complaint. Therefore, in accordance with the Ninth Circuit's decision, this Court now finds that liberally construed, Plaintiff states cognizable claims for violation of his safe conditions rights under the Due Process Clause against defendants Pam Ahlin, Stephen Mayberg, Fresno County Board of Supervisors,[4] Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky.

## V.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants be DISMISSED, except for Plaintiff's claims against defendants Pam Ahlin, Stephen Mayberg, Brian Pacheco, Sal Quintero, Andreas Borgeas, Nathan Maqsiq, Buddy Mendes, Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Karin Hundal, Ron Howard, and Cynthia Radavasky for violation of Plaintiff's right to safe conditions under the Due Process Clause.

///
///
///
///
///
///
///
///
///
///
///
///

---

[4] Brian Pacheco (representative of District 1), Sal Quintero (representative of District 3), Andreas Borgeas (representative of District 2), Nathan Maqsiq (representative of district 5), and Buddy Mendes (representative of District 4) were substituted into the case in place of defendant Fresno County Board of Supervisors. (ECF No. 84).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 26, 2017**          /s/ _Erica P. Grosjean_
UNITED STATES MAGISTRATE JUDGE