UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　　Defendants. | Case No. 1:10-cv-00585-DAD-EPG<br><br>ORDER GRANTING IN PART THE COUNTY OF FRESNO'S MOTION TO QUASH SERVICE OF PROCESS OR TO DISMISS PLAINTIFF'S ACTION IN THE ALTERNATIVE (Doc. No. 53.)<br><br>(Doc. No. 53.) |

Dougal Samuels ("plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 20, 2017, defendant County of Fresno filed a motion to quash service of process or, in the alternative, to dismiss plaintiff's action. (Doc. No. 53.)

Plaintiff has asserted various claims in connection with contracting Valley Fever while housed at Coalinga State Hospital. Initially, plaintiff's complaint was dismissed at the screening stage for failure to state a claim. (Doc. No. 16.) Plaintiff appealed and the United States Court of Appeals for the Ninth Circuit reversed in part and remanded, stating that "dismissal of Samuel's safe conditions claim was premature" and that plaintiff "is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (Doc. No. 22 at 3.) Thereafter, plaintiff filed a Third Amended Complaint on July 15, 2016. (Doc. No. 40.)
/////

In its pending motion to quash service of process or to dismiss plaintiff's action, the defendant County asserts that the Fresno County Board of Supervisors ("FCBS") is a sub-unit of the County of Fresno and thus does not constitute a "person" within the meaning of § 1983. (Doc. No. 53 at 1–4.) The County also argues that it was erroneously served because it is not a named defendant in this action. (Doc. No. 53 at 4–5.) The magistrate judge assigned to this action held a hearing on the County's pending motion (Doc. No. 68) and subsequently issued an order requiring plaintiff to notify the court if he wished to substitute the County of Fresno or any other defendants in place of the FCBS. (Doc. No. 70.) Plaintiff filed a notice of non-substitution of defendants on May 22, 2017. (Doc. No. 71.)

On July 24, 2017, the magistrate judge issued findings and recommendations, recommending that plaintiff's claim against defendant FCBS be dismissed because it is not a "person" under § 1983 and that the County of Fresno's motion to quash service of process be granted. (Doc. No. 74). Plaintiff filed objections to the findings and recommendations. (Doc. No. 75.) However, therein plaintiff did not actually object to the recommendation set forth in the findings and recommendations. Instead, he merely asked for additional time so that he could identify the appropriate defendants. (*Id.* at 2.) The County of Fresno filed a reply to plaintiff's objections. (Doc. No. 77.)

The magistrate judge granted plaintiff's request for an extension of time and gave plaintiff thirty days to file additional objections to the findings and recommendations. (Doc. No. 76.) The order stated that plaintiff could "identify the defendants he wants to substitute into the case, and request that he be allowed to substitute them into the case." (*Id.* at 1-2).

Instead of filing additional objections, Plaintiff filed a motion to submit the names of the individuals that make up the FCBS. (Doc. No. 79.) The magistrate judge vacated the findings and recommendations issued on July 24, 2017, granted plaintiff's motion, and Supervisors Brian Pacheco (representative of District 1), Sal Quintero (representative of District 3), Andreas Borgeas (representative of District 2), Nathan Magsig (representative of district 5), and Buddy Mendes (representative of District 4) were substituted into the case as defendants in place of defendant FCBS. (Doc. No. 84.)

Since the FCBS is no longer a named defendant in this action, having been voluntarily dismissed by plaintiff (Doc. No. 84 at 4, n.3) the court will deny the County of Fresno's motion to dismiss the FCBS from this action as having been rendered moot. The court will, however, grant the County of Fresno's motion to quash service of process on the County of Fresno, because it was not and is not a named defendant in this action.

Accordingly:

1. The County of Fresno's motion to quash service of process or, in the alternative, to dismiss plaintiff's action (Doc. No. 53) is granted in part;
2. The County of Fresno's motion to dismiss (Doc. No. 53) the FCBS is denied as having been rendered moot; and
3. The County of Fresno's motion to quash service is process (Doc. No. 53) is granted.

IT IS SO ORDERED.

Dated: **December 28, 2017**

UNITED STATES DISTRICT JUDGE