UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>        Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants. | Case No. 1:10-cv-00585-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE COUNTY'S MOTION TO DISMISS BE DENIED<br><br>(ECF NO. 91)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

### I. BACKGROUND

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Third Amended Complaint, which was filed on July 15, 2016. (ECF No. 40).

On February 5, 2018, real party in interest County of Fresno, on behalf of Fresno County Board Members Brian Pacheco, Sal Quintero, Andres Borgeas, Nathan Magsig, and Buddy Mendes ("the County"), filed a motion to dismiss. (ECF Nos. 91, 91, & 93). On May 15, 2018, Plaintiff filed his opposition to the motion. (ECF No. 98). On May 21, 2018, the County filed its reply. (ECF No. 99).

As discussed below, the Court will recommend that the County's motion to dismiss be denied because the Ninth Circuit has already ruled that Plaintiff stated a cognizable claim and directed that the County be ordered to file an answer.

///

1

## II. PROCEDURAL HISTORY

Plaintiff filed his First Amended Complaint on November 2, 2012. (ECF No. 15). Plaintiff alleged that Defendants knew of the dangers of Valley Fever, yet constructed Coalinga State Hospital, and/or allowed Coalinga State Hospital to be constructed, in a Valley Fever endemic area. Plaintiff also alleged that Defendants failed to properly monitor the conditions which caused Plaintiff's injuries.

On May 3, 2013, Magistrate Judge Gary S. Austin (the assigned magistrate judge at the time) issued an order dismissing this case for failure to state a claim. (ECF No. 16). The Fresno County Board of Supervisors[1] was dismissed because Plaintiff failed to sufficiently allege that it participated in the deprivation of his constitutional rights. (Id. at 6-7).

Plaintiff appealed. (ECF No. 18). On August 21, 2014, the United States Court of Appeals for the Ninth Circuit issued an order that allowed the case to proceed on Plaintiff's safe conditions claim, stating that "dismissal of Samuels's safe conditions claim was premature. Samuels alleged that defendants knew of the life-threatening risk of building Coalinga State Hospital in a highly endemic area for valley fever, but nonetheless approved or failed to stop the facility's construction. These allegations, liberally construed, were sufficient to warrant ordering [defendants] to file an answer." (ECF No. 22, p. 3) (alteration in original) (citation and internal quotation marks omitted). Additionally, the Ninth Circuit held that Plaintiff "is not barred from bringing suit against the members of the Fresno County Board of Supervisors in their official capacity." (Id.).

On June 25, 2015, Plaintiff filed a "motion to provide the Court with the John Doe defendants as requested" (ECF No. 31), which was granted on October 9, 2015 (ECF No. 32). A Second Amended Complaint was then filed, but it omitted previously named defendants. (ECF No. 36). After the Court issued an order requesting clarification (ECF No. 37), and Plaintiff's assertion that the previously named defendants were supposed to be included (ECF No. 38), the Court issued an order granting Plaintiff leave to file a Third Amended Complaint.

---

[1] Board Members Brian Pacheco, Sal Quintero, Andres Borgeas, Nathan Magsig, and Buddy Mendes were substituted into this case in place of the Fresno County Board of Supervisors on October 24, 2017.

(ECF No. 39).

On July 15, 2016, Plaintiff filed his Third Amended Complaint (ECF No. 40), which was screened (ECF Nos. 41, 87, & 90). This case is now proceeding on Plaintiff's Third Amended Complaint against defendants Pam Ahlin, Stephen Mayberg, Brian Pacheco, Sal Quintero, Andres Borgeas, Nathan Magsig, Buddy Mendes, Arnold Schwarzenegger, Audrey King, Brandon Price, Ron Withrow, Kiran Hundal, Ron Howard, and Cynthia Radavasky for violation of Plaintiff's right to safe conditions under the Due Process Clause. (Id.). As the County of Fresno has appeared on behalf of Brian Pacheco, Sal Quintero, Andres Borgeas, Nathan Magsig, and Buddy Mendes, the Court will refer to these defendants collectively as "the County."

### III. PLAINTIFF'S CLAIM AGAINST THE COUNTY

#### a. Summary of Third Amended Complaint

Plaintiff is an African-American male, currently civilly detained at Coalinga State Hospital ("CSH") in Coalinga, California.

Plaintiff alleges that the County was aware of dangerous conditions at CSH but took no protective measures for his health and safety to prevent Plaintiff's infection by the disease known as Valley Fever. Plaintiff alleges that on February 16, 2006, he was transferred to CSH. There were rumors and scientific information that the area surrounding CSH was extremely lethal because Valley Fever spores were known to be in the soil. Plaintiff and other detainees were assured by employees that the environment was not life threatening, and because the hospital was a hermetically sealed environment, the chance of contracting an infection was a million to one. Plaintiff became infected with Valley Fever a year after his transfer.

The County was told of the future dangers of Valley Fever before the ground was broken to build CSH, but did not stop construction of the hospital. Plaintiff alleges that the County knew or should have known about the risks to patients contracting Valley Fever at CSH, but failed to stop construction of CSH or implement measures to lessen the risk of infection by Valley Fever at CSH.

///

## IV. THE COUNTY'S MOTION TO DISMISS

### a. The County's Position

The County argues that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 91, p. 1). The County asks that the claim against it be dismissed, without leave to amend. (Id. at 5). In support of its motion to dismiss, the County requests that the Court take judicial notice of county records related to the dates Andres Borgeas, Sal Quintero, Nathan Magsig, Brian Pacheco, and Buddy Mendes held County offices (ECF No. 92, p. 3), as well as websites listing when construction on CSH began and when CSH opened (ECF No. 93, p. 2).

According to the County, the Ninth Circuit, in reversing this Court, did not direct the County to file an answer. (ECF No. 91, pgs. 2-3). Additionally, none of the named members of the Fresno County Board of Supervisors was a member at the time of the alleged constitutional violation. (Id. at 12-13). Moreover, as other courts have held when dealing with similar factual allegations, Plaintiff's allegations are conclusory, speculative, and are not linked to any specific board member. (Id. at 4-5 & 13-15). Thus, Plaintiff's allegations are insufficient to state a Monell claim against the County. (Id. at 5).

Finally, the County argues that leave to amend would be futile because there is no possible factual basis for Plaintiff to state a claim, because the County would be entitled to legislative immunity, and because the County had no legal authority to stop the State of California from building CSH where the State chose to build it. (Id. at 15-18).

### b. Plaintiff's Position

First, Plaintiff argues that the County is time barred from filing a motion to dismiss because it failed to contest this Court's findings and recommendations issued on July 24, 2017 (ECF No. 74) and failed to object to the district court's decision on December 28, 2017 (ECF No. 88). (ECF No. 98, p. 4).

Second, Plaintiff argues that the Ninth Circuit has already ruled on the issues raised by the County, and that decision is binding on this Court. (Id. at 5-7).

///

### c. Legal Standard for Motions to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when

the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

      d. Analysis

To begin, the Court notes that the County did not waive its right to file a motion to dismiss by failing to object to earlier findings and recommendations and an order. In fact, the County had not been appropriately served at the time the findings and recommendations or the order were entered. Accordingly, the Court will address the County's motion to dismiss.

The County is correct that Plaintiff's complaint does not contain a detailed account of what Stephen Mayberg, Brian Pacheco, Sal Quintero, Andres Borgeas, Nathan Magsig, or Buddy Mendes allegedly did that violated Plaintiff's constitutional rights, and that other courts have dismissed similar allegations for failure to state a claim. In fact, the magistrate judge in this case (then Judge Austin) also dismissed Plaintiff's complaint, with prejudice, for failure to state a claim. (ECF No. 16).

However, that decision was reversed in part by the Ninth Circuit. (ECF No. 22). And, contrary to the County's assertion, the Ninth clearly referred to the claims against the County in its order directing that this case be allowed to proceed. The Ninth Circuit stated that "dismissal of Samuels's safe conditions claim was premature. Samuels alleged that defendants knew of the life-threatening risk of building Coalinga State Hospital in a highly endemic area for valley fever, but nonetheless approved or *failed to stop the facility's construction*. These allegations, liberally construed, were sufficient to warrant ordering [defendants] to file an *answer*. (ECF No. 22, p. 3) (alteration in original) (emphasis added) (citations and internal quotation marks omitted). Plaintiff's claim against the County involves the allegation that that the County failed to prevent CSH from being constructed, an allegation the Ninth Circuit clearly addressed in its

order and found sufficient for the Court to order the County to file an *answer*.

The County argues that the Ninth Circuit's instruction only applied to the state defendants, not to the County. (ECF No. 91, p. 2). To support this argument, the County points out that the cases cited in that section of the Ninth Circuit's order only involved state defendants, not local governments. However, the County reads too much into the Ninth Circuit's citations. The Ninth Circuit clearly ordered "[defendants]" to file an answer, and did not differentiate between state and local defendants.

Accordingly, Plaintiff is correct that the Ninth Circuit's order precluded the County from filing a motion to dismiss arguing that Plaintiff failed to state a claim, and this Court will not second guess the clear language in the Ninth Circuit's order.

Of course, the Court is not deciding whether the County is entitled to legislative/qualified immunity,[2] or whether the County had any authority to prevent the State of California from building CSH. These issues require a more developed factual record, and thus should be addressed at a later stage in the proceedings.

The Court notes that the County may be correct that none of the named members of the Fresno County Board of Supervisors was a member at the time of the alleged constitutional violation. However, this is not relevant at this time. As the County itself points out, Plaintiff's official capacity action against the individual board members "is 'only another way of pleading an action against [the] entity of which [the Board Members are] an agent.'" (ECF No. 91, p. 9 (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55)). Thus, it does not matter whether Plaintiff named the current Board Members in their official capacity or previous Board Members in their official capacity, because either way the suit will proceed against the entity of which the Board Members were/are an agent: the County of Fresno.

## V.    CONCLUSION AND RECOMMENDATION

Because the Ninth Circuit has already ruled that Plaintiff stated a claim and directed that the County be ordered to file an answer, the County's motion to dismiss should be denied.

---

[2] The County argues that it is entitled to legislative immunity, but at least one of the cases it cites to deals with qualified immunity, not legislative immunity.

7

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that the County's motion to dismiss (ECF No. 91) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 4, 2018**　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE