UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>          Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>          Defendants. | Case No. 1:10-cv-00585-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 111) |

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 2, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 111). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because the issues involved in this case are complex; because there will be conflicting testimony; because both sides will need to present expert witnesses; because Plaintiff will require considerable discovery; because Plaintiff is not well versed in litigation and has no real legal training; because Plaintiff has "a basic low I.Q."; because Plaintiff's pleadings and motions in this case, as well as the arguments he has presented, have been prepared by a jailhouse lawyer who will likely soon be released; because Plaintiff has medical problems; because Plaintiff is confined

1

in a mental institution and has no ability to conduct an investigation of the facts; and because Plaintiff's claims have been determined to be valid.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while Plaintiff has claimed it is with the assistance of a jailhouse lawyer, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **November 5, 2018**          /s/ Erwin P. Groig
                                       UNITED STATES MAGISTRATE JUDGE