| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

DOUGAL SAMUELS,

        Plaintiff,

   v.

PAM AHLIN, *et al.*,

        Defendants.

No. 1: 10-cv-00585-DAD-EPG

ORDER DENYING MOTION FOR RECONSIDERATION

(Doc. No. 103)

Plaintiff is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The action currently proceeds on plaintiff's third amended complaint ("TAC"), filed on July 15, 2016. (Doc. No. 40.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants Ahlin, Howard, Hundal, King, Mayberg, Price, Radavasky, and Withrow (the "State defendants") filed a motion to dismiss the complaint on qualified immunity grounds on December 6, 2016. (Doc. No. 45.) Defendants Borgeas, Maqsiq, Mendes, Pacheco, and Quintero, represented by real party in interest the County of Fresno (the "County defendants"), filed a motion to dismiss on February 5, 2018. (Doc. No. 91.) The assigned magistrate judge issued findings and recommendations on April 27, 2017 and September 5, 2018, and in each recommended that the respective motion to dismiss be denied. (Doc. Nos. 69, 100.)

/////

1

On September 28, 2018, the court issued an order adopting the magistrate judge's findings and recommendations and denying defendants' motions to dismiss the complaint on qualified immunity grounds. (Doc. No. 102.) On October 8, 2018, the County of Fresno filed a motion for reconsideration. (Doc. No. 103.) For the reasons set forth below, the County's motion for reconsideration will be denied.

**LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, either party may file a motion for reconsideration to alter or amend a judgment within twenty-eight days of entry of that judgment. Fed. R. Civ. P. 59(e). District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration, however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

**DISCUSSION**

The court finds it in large part difficult to decipher on what grounds the County seeks reconsideration. Nonetheless, it appears the County may be moving for reconsideration of the court's order adopting the magistrate judge's findings and recommendations on at least two

grounds. First, the County again argues it lacked authority to interfere with the construction of the State's hospital project at issue. (Doc. No. 103 at 4–6.) According to the County, this constitutes a "legal" defense that required the granting of its motion to dismiss. (*Id.*) Second, the County apparently argues that it is a judicially noticeable fact that none of its current board of supervisor members were board members at the time of the construction at issue, and that the magistrate judge's findings and recommendations should have been rejected on this basis. (*Id.* at 6–8.)

The court will first address the County's argument that it is entitled to dismissal because it lacked legal authority to prevent the construction of the State's hospital project. In the findings and recommendations, the magistrate judge declined to resolve at this point of the litigation whether the County is entitled to legislative or qualified immunity, or "whether the County had any authority to prevent the State of California from building CSH." (Doc. No. 100 at 7.) In this regard, the findings and recommendations stated that "[t]hese issues require a more developed factual record, and thus should be addressed at a later stage in the proceedings." (*Id.*) This conclusion is entirely reasonable and appropriate under the circumstances of this case. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) ("Our denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial" because "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.") (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)); *see also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 476 (9th Cir. 1998) (finding that legislators are entitled to immunity only when they act in legislative, rather than administrative or executive, capacities and affirming the district court's application of legislative immunity in ruling on a motion for summary judgment); *Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir. 2002) (affirming the district court's grant of summary judgment on legislative

/////
/////
/////
/////

immunity grounds).¹  Contrary to the County's arguments, plaintiff's claims against it are not barred as a matter of law but, rather, have been found to be cognizable by the Ninth Circuit. (Doc. No. 100 at 6–7.)  To the extent the County wishes to litigate its entitlement to various immunities as a matter of law prior to trial, it may do so by way of a motion for summary judgment at the appropriate stage of this litigation.²

Finally, as noted, the County continues to argue that none of the named County defendants was a member of the Fresno County Board of Supervisors at the time of the alleged constitutional violation. (Doc. No. 103 at 6–8.)  This argument was addressed in the adopted findings and recommendations as follows:

> As the County itself points out, Plaintiff's official capacity action against the individual board members "is 'only another way of pleading an action against [the] entity of which [the Board Members are] an agent.'" (ECF No. 91, p. 9 (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55)). Thus, it does not matter whether Plaintiff named the current Board Members in their official capacity or previous Board Members in their official capacity, because either way the suit will proceed against the entity of which the Board Members were/are an agent: the County of Fresno.

(Doc. No. 100 at 7.)

As the Supreme Court has recognized, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473

---

¹ In the order adopting the findings and recommendations, the undersigned acknowledged the County's arguments that they "lacked any authority over the construction of the hospital by the state." (Doc. No. 102 at 6.)  However, the court also noted that in their objections to the findings and recommendations, the County relied on what it called "the undisputed facts" (see Doc. No. 101 at 3), rather than the allegations from the plaintiff's complaint. (Doc. No. 102 at 6.)  Such arguments suggest a summary judgment determination regardless of the County's belated attempt to cast the issue as a pure question of law in its motion for reconsideration.

² Likewise, the County provides no authority to support its assertion that "as a matter of law, there is a legal reason (similar to a limitations period or an immunity) why Plaintiff's claims fails [sic] to state a claim against Defendants/the County." (Doc. No. 103 at 5.)  This is particularly true given the Ninth Circuit's decision reversing the dismissal of this action for failure to state a claim. (*See* Doc. No. 22.)  The same is true of the County's request for judicial notice, which fails to have any impact on the court's determination to deny the County's motion to dismiss. In short, the County's motion for reconsideration on these grounds lacks merit.

4

U.S. 159, 167, n. 14 (1985). Here, plaintiff has named defendants Borgeas, Maqsiq, Mendes, Pacheco, and Quintero in their official capacity, and these defendants, according to defense counsel, are represented by real party in interest the County of Fresno. (*See e.g.*, Doc. No. 91.) It is true that "[i]f only the official-capacity officer is named, it would be proper for the Court *upon request* to dismiss the officer and substitute instead the local government entity as the correct defendant." *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (emphasis added); *see also Ctr. for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't,* 533 F.3d 780, 799 (9th Cir. 2008); *Victoria v. City of San Diego*, 326 F.Supp.3d 1003, 1014 (S.D. Cal. 2018); *Hillbloom v. County of Fresno*, 539 F.Supp.2d 1192, 1202–03 (E.D. Cal. 2008). Here, plaintiff named only the then-board members in their official capacity and did not name the County of Fresno as a defendant. Confusingly, in its motion for reconsideration where the County raises this issue, it requests that the court "find for Defendants and dismiss the case against them/the County in accordance with the law." (Doc. No. 103 at 8.) The court declines to grant the County's request on reconsideration due to its ambiguity. If the County wishes to substitute itself into this action as the correct defendant and to have the former board members who have been sued in their official capacity dismissed, it may seek to do so by way of a properly briefed motion. However, the County's motion for reconsideration provides no basis upon which the court should dismiss both the former board members in their official capacity and the County.

**CONCLUSION**

1. The County of Fresno's motion for reconsideration (Doc. No. 103) of the order adopting the magistrate judge's findings and recommendations is denied; and
2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 7, 2018**

UNITED STATES DISTRICT JUDGE

5