1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOUGAL SAMUELS,                        No.  1:10-cv-00585-DAD-EPG

12              Plaintiff,

13        v.                                ORDER GRANTING RECONSIDERATION,
                                            DISMISSING ON QUALIFIED IMMUNITY
14   PAM AHLIN, et al.,                      GROUNDS

15              Defendants.                 (Doc. No. 126)

16

17

18         Plaintiff Dougal Samuels is a civil detainee proceeding *pro se* and *in forma pauperis* in

19   this civil rights action filed pursuant to 42 U.S.C. § 1983.  On September 28, 2018, the

20   undersigned issued an order adopting the assigned magistrate judge's findings and

21   recommendations, recommending that defendants Pam Ahlin, Stephen Mayberg, Audrey King,

22   Brandon Price, Ron Withrow, Kiran Hundal, Ron Howard, Cynthia Radavasky and former

23   Governor Arnold Schwarzenegger's ("State defendants") motion to dismiss be denied.  (Doc. No.

24   102.)  In that order, the court dismissed all of plaintiff's claims except for his right to safe

25   conditions claim asserted against the State defendants based on plaintiff's alleged exposure to

26   Valley Fever in violation of the Fourteenth Amendment's Due Process Clause.  (*Id.*)  That claim

27   was allowed to proceed when the court denied the State defendants' motion to dismiss on

28   qualified immunity grounds.  (*Id.*)

                                            1

On April 17, 2019, defendants filed the motion for reconsideration now pending before the court. (Doc. No. 126.) Therein, defendants argue that reconsideration of the court's September 28, 2018 order is warranted in light of the Ninth Circuit's decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), *cert. denied sub nom. Smith v. Schwarzenegger*, No. 18-1590, 2019 WL 4921481 (U.S. Oct. 7, 2019), in which the court held that the right to be free from heightened exposure to Valley Fever spores was not clearly established at the relevant time and that the state officials were entitled to dismissal on qualified immunity grounds. On June 18, 2019, plaintiff filed an opposition to the motion for reconsideration. (Doc. No. 130.) On July 9, 2019, defendants filed their reply. (Doc. No. 135.)

Defendants bring the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides relief from a final judgment, order, or proceeding for any reason that justifies relief. (*See* Doc. No. 126-1 at 6.) Such a motion must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). As stated above, the order adopting the magistrate judge's findings and recommendations issued on September 28, 2018, and defendants' motion for reconsideration was filed on April 17, 2019, within 206 days of the court's order and 14 days of the Ninth Circuit issuing the mandate from *Hines*.[1] The court therefore finds defendants' motion timely under Rule 60(b)(6).

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotations and citations). However, courts will require "extraordinary circumstances [to] justify[] the reopening of a final judgment under Rule 60(b)(6)." *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) (internal quotations and citations omitted). Although such circumstances can include a change of law, which "may be persuasive if it is clear and authoritative, a change in the law does not always supply sufficient conditions for granting the motion." *Id.* (internal quotations and citations omitted). Because the

---

[1] Defendants note that the Ninth Circuit rendered its opinion in *Hines* on February 1, 2019, denied the subsequent petition for rehearing *en banc* on March 26, 2019, and issued the mandate on April 3, 2019.

"standard for a Rule 60(b)(6) motion is high," such "relief should be granted sparingly to avoid manifest injustice." *Id.* (internal quotations and citations omitted). Moreover, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, defendants argue that the Ninth Circuit's decision in *Hines* constitutes an intervening change in the controlling law warranting reconsideration. (Doc. No. 126-1 at 4–5.) In support of this contention, defendants note that the decision in *Hines* was not issued until February 1, 2019, after the undersigned had adopted the magistrate judge's findings and recommendations and denied State defendants' motion to dismiss on qualified immunity grounds, and the decision was thus not available when defendants moved to dismiss nor when they filed their objections to the magistrate judge's findings and recommendations. (*Id.*)

In *Hines*, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores." *Id.* at 1228. It then concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[2]

/////

---

[2] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period within which plaintiff's allegations in this case fall. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted*, existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[3] Instead, the Ninth Circuit proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted.[4] *Id.*

That said, plaintiff's allegations in this case provide no basis upon which to depart from the qualified immunity analysis set forth in *Hines*. Plaintiff's operative third amended complaint

---

[3] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

[4] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *see also Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is dicta is not relevant to this court's consideration of the pending motion to reconsider. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders, 914 F.3d at 1231, the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

alleges the following facts relevant to resolution of the pending motion for reconsideration. Plaintiff was transferred to Coalinga State Hospital in February 2006.  (Doc. No. 40 at 16.) Despite plaintiff's attempts to seek more information about and testing for Valley Fever, defendants did little to address his concerns.  (*See* Doc. No. 40.)  A year later, he learned that he had been infected with Valley Fever.  (*Id.* at 17.)  The infection later spread to his spinal cord, requiring surgery to remove the infected part of his spine.  (*Id.*)

Plaintiff argues in his opposition to the pending motion that: 1) the defendants' motion for reconsideration is untimely; 2) *Hines* does not apply to civil detainees such as himself; and 3) the analysis in *Allen v. Kramer*, No. 1:15-cv-01609-DAD-MJS(PC), 2016 WL 4613360 (E.D. Cal. Aug. 17, 2016) [hereinafter *Allen I*], remains sound even after *Hines*.  (Doc. No. 130.)  The court finds these arguments to be unavailing.

First, plaintiff himself "alleges that Defendants' motion for reconsideration maybe [sic] timely as to the time of submission."  (Doc. No. 130 at 4.)  Plaintiff provides no support for his objection that defendants' pending motion for reconsideration is untimely.  Thus, for the reasons discussed above, the court considers defendants' motion for reconsideration to be timely.

Second, plaintiff argues that *Hines* is inapplicable to this case because he is a civil detainee, not a prisoner.  However, this court recognizes that *Hines* is "instructive on qualified immunity in Valley Fever cases."  *Allen v. Kramer*, No. 1:15-cv-01609-DAD-JDP, 2019 WL 932029, at *1 (E.D. Cal. Feb. 26, 2019) [hereinafter *Allen II*], *report and recommendation adopted*, No. 1:15-cv-01609-DAD-JDP(PC), 2019 WL 1370358 (E.D. Cal. Mar. 26, 2019). Although Eighth Amendment and Fourteenth Amendment claims are analyzed under different standards, this does not undermine the applicability to this case of the Ninth Circuit's ruling in *Hines*, in which the court concluded that exposure to a heightened risk of contracting Valley Fever did not violate clearly established federal law or constitutional rights at the time period in question in that case.  This logic applies equally to cases regarding civil detainees, *Allen II* at *7 ("This case differs from *Hines* in that plaintiff is a civil detainee, not an inmate, but the principles of *Hines* hold true.  Plaintiff identifies no binding precedent establishing that a civil detainee had the constitutional right to be free from heightened exposure to Valley Fever spores, and we have

found none."), and the events of this case lay squarely within the relevant time period considered by the Ninth Circuit in *Hines*.  (Doc. No. 40 at 16.)

Finally, plaintiff argues that the analysis in *Allen I* remains sound even after the decision in *Hines*.  (Doc. No. 130 at 7.)  However, this court in *Allen II* concluded that the decision in *Hines* required it to conclude that the defendants in that case were entitled to dismissal on qualified immunity grounds as well.  *See Allen II*.

Because plaintiff's allegations and argument provide no basis upon which to distinguish the Ninth Circuit's binding decision in *Hines* or the qualified immunity analysis set forth therein, the undersigned concludes that defendants' motion for reconsideration must be granted.

Accordingly:

1. Defendants' motion for reconsideration (Doc. No. 126) is granted;

2. In keeping with the Ninth Circuit's decision in *Hines*, the State defendants are entitled to qualified immunity on plaintiff's safe conditions claim based on his alleged exposure to Valley Fever will civilly detained;

3. Plaintiff's Fourteenth Amendment claim against State defendants based on alleged exposure to Valley Fever is dismissed with prejudice on qualified immunity grounds; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 15, 2019**

_____
UNITED STATES DISTRICT JUDGE