# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGAL SAMUELS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00585-DAD-EPG (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>(ECF. Nos. 147 & 148)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT |

Dougal Samuels ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 16, 2019, judgment was entered in favor of the remaining defendants. (ECF Nos. 145 & 146).

On November 27, 2019, Plaintiff filed his notice of appeal,[1] along with a motion requesting that the Court accept his late filed appeal. (ECF Nos. 149 & 147).[2] Plaintiff states that

---

[1] The Court notes that Plaintiff's notice of appeal was already forwarded to the Ninth Circuit. (ECF No. 150).

[2] Plaintiff also filed a "motion in support of the notice of appeal," in which Plaintiff explains why the United States Court of Appeals for the Ninth Circuit should hear his appeal and reverse the district court judge. (ECF No. 148). Given that this appears to be a brief in support of the notice of appeal, and not a motion, the Court will treat the motion as a brief in support of the notice of appeal. The Court notes that arguments in support of Plaintiff's appeal should be directed to the Ninth Circuit, not the District Court.

1

he timely filed his notice of appeal, but that it "was returned to him after it was held up at the institution's or Coalinga's post office almost a month." (ECF No. 147, p. 1). The notice was returned "because Plaintiff failed to put the correct amount of postage." (Id.).

A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The Court may extend the time to file a notice of appeal if a party moves for the extension no later than thirty days after the original thirty day-deadline expires, and the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Here, Plaintiff filed his motion for extension of time and his notice of appeal within thirty days after the original thirty-day deadline expired, and has shown good cause for the requested extension of time.

Accordingly, IT IS ORDERED that:
1. Plaintiff's motion requesting that the Court accept his late filed appeal is GRANTED;
2. The Court will treat Plaintiff's notice of appeal as timely filed; and
3. The Clerk of Court is directed to send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **December 2, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2